IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DWAYNE OWENS | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 11-503 |
| v. | ) | |
| | ) | Judge Nora Barry Fischer |
| CITY OF PITTSBURGH (MAYOR LUKE RAVENSTAHL), MICHAEL SALDUTTE, RICHARD EWING, JR., PITTSBURGH POLICE CHIEF NATHAN HARPER | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | Re: ECF No. 36 |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

It is respectfully recommended that Defendants' Joint Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b) at ECF No. 36 be granted.

II. **REPORT**

Presently before the Court is Defendants' Joint Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b).

On August 2, 2011, at ECF No. 14, Defendants filed a Joint Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or for a more definite statement pursuant to Fed. R. Civ. P. 12(e). On September 23, 2011, Plaintiff filed a Motion to Extend Time which was

granted by the Court on September 26, 2011. The Court set Plaintiff's responsive due date for October 26, 2011. Plaintiff filed no Response. Instead, Plaintiff filed a Brief in Support of Motion to Appoint Counsel and Motion to Extend Time on October 27, 2011 at ECF No. 26. The motion to extend time actually asked for a stay of the case while the Plaintiff was involved in a criminal case in state court involving two of the police officers named as Defendants in this civil matter.

Thereafter, on January 12, 2012, this Court Granted Defendants' Motion for a More Definite Statement and Denied Without Prejudice as Moot Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This Court further ordered Plaintiff to file an Amended Complaint by March 13, 2012, setting forth all facts supporting his legal claims. The Court granted this extended time in lieu of the stay requested by Plaintiff at ECF No. 26. The Court further noted that if Plaintiff failed to file an Amended Complaint by March 13, 2012, the Court would recommend that the Complaint be dismissed with prejudice.

Federal Rule of Civil Procedure 41(b) provides as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Therefore, the Court now recommends that Plaintiff's Complaint be dismissed with prejudice.

In recommending the dismissal of Plaintiff's Complaint with prejudice, the Court balances the following factors in light of the record in the case:

> (1)The extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling

> orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).

First, Plaintiff, proceeding pro se, is personally responsible for the failure to file an Amended Complaint, which is the basis for the dismissal. The Court has granted Plaintiff several extensions of time, including a 60-day extension to file an Amended Complaint. Plaintiff did not indicate to the Court that this 60-day extension was insufficient.

Second, the Defendants in this case have been severely prejudiced by Plaintiff's conduct. Plaintiff has named several defendants including the Major of the City of Pittsburgh, the Chief of Police, and other police officers. Defendants have indicated to the Court that without more facts concerning the facts and circumstances giving rise to Plaintiff's claims, they are unable to defend the action.

Third, as noted above, Plaintiff has failed to comply with the Court's orders, and instead, appears to have pushed this civil matter aside to deal with his criminal case.

Fourth, the Court has received absolutely no indication from the Plaintiff that his failure to comply with the Court's orders has been accidental or an unintended oversight. The Court can only assume that Plaintiff has abandoned, intentionally, the prosecution of this case and the Plaintiff has not communicated with the Court regarding the same.

Fifth, in light of the present posture of the case, dismissal is the only appropriate sanction. Plaintiff, proceeding pro se*,* is likely unable to pay any monetary sanctions for his conduct. Further, in light of his seemingly intentional abandonment of this litigation, dismissal serves not only the Defendants' interests, but also the Plaintiff's.

Finally, in considering whether Plaintiff's claims are meritorious, the Court considers whether "the allegations of the pleadings, if established at trial, would support recovery by [P]laintiff." *Poulis*, 747 F.2d at 869-70 (citations omitted). As noted above, Plaintiff has named several defendants. The Complaint at ECF No. 3 is vague as to the facts and circumstances surrounding his encounter with law enforcement, and as to the claims he seeks to assert against them. Although the Court is unable to predict whether an amended complaint would have clarified his claims against these Defendants, it is unlikely that Plaintiff's present averments as to the named Defendants would withstand a motion to dismiss.

The above factors weigh heavily in favor of granting the sanction of dismissal. Plaintiff's pattern of behavior demonstrates his intentional abandonment of the prosecution of this case.

### III. CONCLUSION

It is respectfully recommended that Defendants' Joint Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b) at ECF No. 36 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of services to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: March 26, 2012	BY THE COURT:

                                                                            
_____
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc:    All Counsel of Record
        Via Electronic Mail

        Dwayne Owens
        95961
        950 2nd Ave.
        Pittsburgh, PA 15219
        PRO SE